Memorandum. The order of the Appellate Division should be modified and, as so modified, affirmed, without costs. While we agree with so much of the determination appealed from as sustains plaintiff’s judgment against defendants Le Havre Swim & Tennis Club, Inc. and Le Harve Corporation (Le Harve) only, on the issue of liability, the matter should be remitted to the Civil Court for an assessment of plaintiff’s damages; and the proper determination of the cross claim.
Defendant Jerome S. Langer Associates, Inc. (Langer) was under contract to manage the premises and to maintain the grounds and facilities. However, Langer was in no way obligated, contractually or otherwise, to construct and open a third swimming pool. Hence, plaintiff’s cause of action for fraud and breach of contract to open the swimming pool is not maintainable against Langer, and the only claim plaintiff has against Langer is solely for its alleged failure to maintain the premises properly. As a consequence, Langer’s liability over on the cross *948 claim by Le Havre for indemnification must be limited to any damages found to have been incurred as a result of Danger’s alleged breach of its contract to maintain the existing facilities.
Accordingly, the Civil Court, upon remand, ishall determine what portion of plaintiff’s damages is attributable to Le Havre’s failure to open the third pool and what portion arises from the failure to maintain the premises; and the latter shall be a proper subject for Le Havre’s cross claim against Langer.
Chief Judge Beeitel and Judges Jasen, Gabrielli, Jones, Waohtleb, Rabin and Stevens concur.
Order modified, without costs, and case remitted to the Civil Court of the City of New York, Queens County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.